J-S64006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANK ROSELLI | |
| Appellant | No. 327 EDA 2016 |

Appeal from the PCRA Order Entered December 22, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0000820-2011

BEFORE: STABILE, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 15, 2016**

Appellant, Frank Roselli, appeals from the December 22, 2015 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

On April 12, 2012, a jury found Appellant guilty of burglary and theft by unlawful taking.[1] On January 10, 2012, the trial court sentenced Appellant to 25 to 50 years of incarceration pursuant to 42 Pa.C.S.A. § 9714(a)(2).[2] Appellant filed a timely post-sentence motion on July 19,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502 and 3921, respectively.

[2] That section provides:

*(Footnote Continued Next Page)*

2012.  The trial court denied the post-sentence motion on October 14, 2012. After Appellant failed to file a direct appeal, the PCRA court permitted Appellant to file a direct appeal *nunc pro tunc*.  This Court affirmed the judgment of sentence on January 13, 2015.  On July 23, 2015, Appellant filed this timely first PCRA petition.  Appointed counsel filed a supplemental petition on October 19, 2015.  The PCRA court denied relief on December 22, 2015, and this timely appeal followed.  Appellant raises a single issue for our review:

> Whether trial counsel was ineffective in failing to realize that a plea offer of 15 to 30 years for the charge of burglary was for an illegal sentence because it exceeded the statutory maximum of 10 to 20 [years] for a felony of the first degree.

Appellant's Brief at 3.

The parties engaged in an unsuccessful plea negotiation prior to trial. One of the Commonwealth's offers was 15 to 30 years of incarceration.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

> (2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.  Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required.  Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa.C.S.A. § 9714(a)(2).

Appellant argues that his counsel was ineffective for failing to advise him that the 15 to 30 year offer was an illegal sentence.[3]

To establish ineffective assistance of counsel, a petitioner must plead and prove that the underlying issue is of arguable merit, that counsel had no reasonable strategic basis for his or her act or omission, and that counsel's failure prejudiced the petitioner. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). The PCRA court denied relief in this case because it believed counsel's testimony that Appellant was unwilling to accept any of the Commonwealth's offers. We must determine whether the PCRA court's ruling is supported by the record and free of legal error. ***Commonwealth v. Lesko***, 15 A.3d 345, 358 (Pa. 2011).

At the December 9, 2015 hearing on Appellant's PCRA petition, trial counsel testified that Appellant might have accepted an offer within the guideline range, but was not willing to accept a harsher sentence:

> I think it was a guidelines sentence which was a good deal lower, a good, good deal lower. I think he might have accepted that. I don't think there was any way in the world he was – from my recollection that he was accepted 15 to 30 or even 10 to 20.

N.T. Hearing, 12/9/15, at 27. Counsel also stated on cross-examination that Appellant possibly would have accepted a guideline range sentence. ***Id.*** at

---

[3] No statutory authority exists for a 15 to 30 year sentence in this case. Burglary, a first-degree felony, carries a statutory maximum of 20 years. 18 Pa.C.S.A. § 1103(1). Section 9714(a)(2), the third strike law, mandates a minimum of 25 years.

41. Counsel believed the Commonwealth's lowest offer was 10 to 20 years. *Id.* at 43-44.

Thus, the record confirms the PCRA court's finding that Appellant was unwilling to accept the Commonwealth's plea offer. Furthermore, we agree with the PCRA court's conclusion that counsel's alleged failure to advise Appellant of the illegality of a 15 to 30 year sentence did not prejudice Appellant. The record reflect that Appellant was unwilling to accept a 15 to 30 year sentence, or even a 10 to 20 year sentence if offered. Rather, Appellant wanted the Commonwealth to agree to a guideline range sentence. Unsuccessful in that negotiation, Appellant chose to go to trial and risk a conviction and sentence under § 9714(a)(2).

We have concluded the record supports the PCRA court's findings, and we discern no legal error. We therefore affirm the order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

- 4 -